United States District Court
Southern District of Texas
FILED

SEP 11 2000

Michael N. Milby
Clerk of Court

AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District SOUTHERN DISTRICT OF TEXAS |
|---|---|
| Name of Movant: MERAZ, ROSA | Prisoner No. 77413-079 | Case No. B-97-390-01 |

Place of Confinement: FEDERAL CORRECTIONAL INSTITUTION, DUBLIN, CALIFORNIA 94568

B-00-143

UNITED STATES OF AMERICA  V.  MERAZ, ROSA
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _____
   SOUTHERN DISTRICT OF TEXAS

2. Date of judgment of conviction  2/12/98

3. Length of sentence  72 MONTHS.

4. Nature of offense involved (all counts)  CONSPIRACY TO POSSESS, WITH INTENT TO DISTRIBUTE, A QUANTITY EXCEEDING FIVE(5) KILOGRAMS OF COCAINE, IN VIOLATION OF 21USC846,(1) AND 841(b) (1) (A).

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   NOT APPLICABLE
   NOT APPLICABLE
   NOT APPLICABLE

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐  No ☒

(2)

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

    (a) Name of court _____ NOT APPLICABLE _____

    (b) Result _____ NOT APPLICABLE _____

    (c) Date of result _____ NOT APPLICABLE _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____ NOT APPLICABLE _____

        (2) Nature of proceeding _____ NOT APPLICABLE _____
NOT APPLICABLE

        (3) Grounds raised _____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

        (5) Result _____ NOT APPLICABLE _____

        (6) Date of result _____ NOT APPLICABLE _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____ NOT APPLICABLE _____

        (2) Nature of proceeding _____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

        (3) Grounds raised _____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ NOT APPLICABLE _____

_____ ANOT APPLICABLE _____

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☒ No ☐

    (5) Result _____ NOT APPLICABLE _____

    (6) Date of result _____ NOT APPLICABLE _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☒
    (2) Second petition, etc.  Yes ☐ No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

NOT APPLICABLE

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
  (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
  (b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Movant's Sixth Amendment right to effective assistance of counsel was violated.

**Supporting FACTS (state *briefly* without citing cases or law)**
SEE ATTACHED MEMORANDUM.

B. Ground two: Downward Departure for hardship pursuant to U.S.S.G 5H1.6

**Supporting FACTS (state *briefly* without citing cases or law):**
SEE ATTACHED MEMORANDUM.

C. Ground three: Downward Departure for role in the offense.

**Supporting FACTS (state *briefly* without citing cases or law):**
SEE ATTACHED MEMORANDUM.

(5)

AO 243 (Rev. 5/85)

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

This Movant was advised that she could not appeal her term of imprisonment and case, as result of her plea with the government in this case. Only recently has this Movant realized that she can file this motion for relief. Movant is not learned in the law, and has never claimed to be, and relied totally, and completely upon her Counsel of record.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing __Janet Leal_____
    
    _____117 E. Price Road, Brownsville, Texas 78521._____
    
    (b) At arraignment and plea ____SAME AS ABOVE._____
    
    (c) At trial ____NOT APPLICABLE_____
    
    (d) At sentencing ____SAME AS PRELIM._____

(6)

AO 243 (Rev. 5/85)

    (e) On appeal  NOT APPLICABLE

    (f) In any post-conviction proceeding  NOT APPLICABLE

    (g) On appeal from any adverse ruling in a post-conviction proceeding  NOT APPLICABLE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: NOT APPLICABLE

    (b) Give date and length of the above sentence: NOT APPLICABLE

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

                                       **** PRO-SE- ****
                                      Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

8/21/2000
   (date)

                                      *Rosa Munoz*
                                      Signature of Movant

MOVANT IN PRO SE'

| UNITED STATES OF AMERICA, | ) | CASE # B-97-390-01 |
| --- | --- | --- |
| Respondent, | ) | |
| | ) | MEMORANDUM OF POINTS & AUTHOR- |
| MERAZ, ROSA | ) | ITIES IN SUPPORT OF 2255 MOTION |
| | ) | FOR SENTENCE REDUCTION |
| Movant, | ) | |

## STATEMENT OF JURISDICTION

This matter is brought pursuant to Title 28 U.S.C. § 2255, to vacate, set aside, correct, modify and/or amend the sentence of this Movant imposed by this Honorable Court of Judge B. VELA

The instant motion is filed in a timely manner, pursuant to the Prisoner Litigation Reform Act and the Anti-Terrorism and Death Penalty Act (hereinafter referred to as "the Act") which became effective on April 26, 1996. This Movant has not filed any habeas corpus actions in this case; however, it has been her intent to do so at some point and time.

As this Movant is not learned in the law, nor has she ever claimed to be, she would ask this Honorable Court to accept this 2255 action out of time, as she had no legal counsel to advise her from the time of her sentencing to date, and did not know that any time factors were involved.

As the original court of jurisdiction in the instant case, this Court has jurisdiction to hear this motion.

-8-

## STATEMENT OF FACTS

This Movant was sentenced on February 12, 98 to a term of 72 months imprisonment, to be followed by a term of 5 years supervised release, in violation 21 USC 846,(1)and 841(b)(1)(A). Conspiracy to Possess with Intent to Distibute Cocaine. As a direct result of the conviction in this case, the Immigration and Naturalization Services has lodged a detainer against the Movant for deportation upon release from her present term of imprisonment.

Movant is currently housed at the Federal Correctional Institution in Dublin, California, where she has maintained an exemplary record since the onset of her incarceration.

## I. MOVANT'S SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED.

Even though Movant/defendant has no substantive right to a particular sentence within the range authorized by statute, or guidelines, sentencing is a critical stage of the criminal proceeding at which she is entitled to effective assistance of counsel. GARDNER V FLORIDA, 430 U.S. 349, 51 L. Ed. 2d 393, 97 S. Ct. 1197 (1977).

The United States Supreme Court in STRICKLAND V WASHINGTON, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) set the constitutional standard for effective assistance of counsel. In Strickland, the Court concluded that defendant has a Sixth Amendment Right not must to counsel, but to "reasonably effective assistance" of counsel. To obtain relief for a violation of this right, a defendant must show that (1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different."

Strickland, supra, 466 U.S. at 687-694.

In the instant case, the failure of Movant's counsel to fully research the U.S. Sentencing Guidelines and the appropriate and applicable downward departures available pursuant to the calculations used in the pre-sentence investigation report, adopted by teh sentencing Court was, under all the circumstances, unreasonable under prevailing norms.

"Counsel . . . can . . . deprive a defendant simply by failing to render 'adequate legal assistance', CUYLER V SULLIVAN, 446 U.S. 344, 64 L. Ed. 2d 333, 100 S. Ct. 1708." Strickland, supra, 466 U.S. at 687-694.

Since this Movant was totally reliant upon her attorney, she was not deliberately bypassing any direct review of this issue, or of any others. Indeed, it would have been and, in fact, has been counterproductive to her liberty to have deliberately bypassed any direct review of the issues at hand.

II. DOWNWARD DEPARTURE FOR ROLE IN THE OFFENSE

This Movant/defendant admitted her share of the responsibility in the instant offense, and through the candidness in the pre-sentence report, it clearly shows that this Movant was nothing more than a

-10-

"courier" or "delivery person" at best in this scheme to traffic Cocaine    yet this Court did not grant her any downward departure for this minor role in the instant offense.

In the United States Sentencing Guidelines, it clearly states that if a defendant was considered a minor, or minimal participant in the offense, he or she could be eligible for a downward departure of two to four levels for such participation. This Movant would ask this Honorable Court to review the issue of her role in the offense, and grant her at least a two-level downward departure for her minor role in the said offense.

### III. DOWNWARD DEPARTURE FOR HARDSHIP PURSUANT TO U.S.S.G. § 5H1.6.

This Movant realizes that this Honorable Court does not necessarily have to grant, or give, any downward departures for the hardship factors involved in this particular case at bar; however, Movant would sho with the following case cites that the District Court of Judge Be VELA ay does, indeed, have the authority to depart for the reasons stated.

This movant has minor children, who are in dire need of some parental guidance, and the elderly grandmother who is caring for them, is unable to control the situation, and this Movant would request some relief in her present circumstances so that she may be able to assist in the rearing of her children.

In UNITED STATES V JOHNSON, 964 F. 2d 124 (2nd Cir. 1992), the Appellate Court appllied a standard to the question of family circustances, the policy statement of the United States Sentencing Guidelines, § 5H1.6, view as an aid in the determination of what the sentencing commission has considered, leads the Court to the unsure

conclusion that the commission understood many of the defendant's responsibilities and circumstances as to their family, their employer's, and their community. Also, disruption of the defendant' life, are inherent in the punishment of incarcerated, and that it may undermine family responsibilities.

In UNITED STATES V PENA, 930 F. 2d 1495 (10th Cir. 1991), the Appellate Court ruled that the sentencing Court may, indeed, depart downward from the guidelines if it finds that there exists mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the sentencing commission in formulating the guidelines. In Pena, the District Court chose to depart 8 levels downward, and gave the defendant probation, and the government appealed; however, the decision was upheld by the Tenth Circuit.

In UNITED STATES V ALBA, 933 F. 2d 1117 (2nd Cir. 1991), the Appellate Court ruled that a downward departure based upon defendant' family circumstances was not abuse of discretion by the sentencing Court.

Once again, in UNITED STATES V SHARPSTEEN, 913 F. 2d 59 (2nd Cir. 1990), the Court considered whether the District Court erred as a matter of law in believing it lacked authority under the guidelines to make a downward departure based upon §5H1.6 factors. In concluding that he did the Court wrote:

> "Section 5H1.6 specifies that these considerations 'are not ordinarily relevant' in the determining whether a sentence should be outside the guidelines. (emphasis supplied) This contrasts with § 5H1.10, which deals with race, sex, national origin, creed, religion, and socioeconomic status. Instead of specifying that certain factors are not 'ordinarily relevant', §5H1.10 excludes without qualification the aforementioned characteristics as relevant to a determination of a sentence. The clear implication of §5H1.6 is that if the Court finds that the circumstances

-12-

related to family ties and relationships are extraordinary, it is not precluded as a matter of law from taking them into account in making a downward departure."

Id. at 63.

Again, in <u>Sharpsteen</u>, at 64 it states:

"It should be noted that we have recently held that extraordinary circumstances warranted a downward departure; it was within the District Court's discretion to reduce a sentence to an extended term of probation."

See also, <u>UNITED STATES V JACKSON</u>, 756 F. S. 23 at 27 (DDC-1991); <u>UNITED STATES V BIG CROW</u>, 898 F. 2d 1326 at 1331 (8th Cir. 1991); and, <u>UNITED STATES V DIAZ-VILLFANE</u>, 874 F. 2d 43 at 49 (1st Cir. 1989).

### C O N C L U S I O N

This Movant has worked diligently and continuously since the onset of her incarceration to better herself, in each and every phase of her life by participating in various educational and behvioral modification programs offered by the U.S. Bureau of Prisons so that she can be a productive citizen upon her release into the community. Movant would ask that this information be considered in the ultimate decision by the Court regarding this possible sentence reduction.

WHEREFORE, this Movant, Ms. Meraz comes now and respectfully requests this Honorable Court to grant, and give, her the relief sought in the form of a sentence reduction.

Movant has been incarcerated at this time 29 months in the service of her prison term.

Respectfully submitted,

X Rosa Meraz # 77413-079

*[signature: Rosa Meraz]*

DATED: 8/21/2000

-13-

CERTIFICATE OF SERVICE

1. I, Rosa Meraz, do hereby depose and state that a true, and correct, copy of
2. the foregoing was sent via United States Mail addressed to Mr.
3. AUSA and/o United States Attorney, United States District Court, Southern
4. District of Texas 1217 Federal Bldg, 515 Rusk Street, Houston, Texas 77002.

Dated:

8/21/2000                                    _Rosa Meraz_
                                             Rosa Meraz, In Pro-Se

-14-